**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1804
_____

ADAM URDA

v.

JEFFREY SOKSO, in his official and individual capacities,
                                                            Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3:21-cv-01178)
District Judge: Hon. Karoline Mehalchick

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on July 8, 2025

Before: RESTREPO, BIBAS, and CHUNG, *Circuit Judges*

(Filed: July 22, 2025)

Michael J. Scarinci
PENNSYLVANIA ATTORNEY GENERAL'S OFFICE
Strawberry Square 15th Floor
Harrisburg, PA 17120
        *Counsel for Appellant*

Michael J. Ossont
THE MATTIOLI LAW FIRM
425 Biden Street
Suite 300
Scranton, PA 18503
        *Counsel for Appellee*

––––––––––––––––

OPINION OF THE COURT

––––––––––––––––

BIBAS, *Circuit Judge*.

Qualified immunity protects police officers who make wrong but reasonable judgment calls absent clearly established law. In this case, Trooper Jeffrey Sokso filed a criminal complaint charging Adam Urda with acting recklessly after Urda poured fuel onto a smoldering fire, lighting himself and two bystanders on fire. Although the charges were later dismissed, Sokso's conduct was reasonable in the circumstances. So he gets qualified immunity.

## I. AFTER A FIERY EXPLOSION, SOKSO FILES CHARGES THAT GET DISMISSED

One Saturday afternoon, LaRae Bowen had some friends over, including her coworker Urda. The group headed down to a lake and tried to start a bonfire. But the wood was still wet from some rain and would not catch. Then one partygoer had an idea: He went to his truck and got a quart of motor oil and a jug of remote-controlled-racecar fuel. He handed the racecar fuel to Urda, who waited as his companion dumped the motor oil on the smoldering fire. But nothing happened.

So Urda joined in, splashing the racecar fuel onto the fire over the motor oil. That triggered an explosion, lighting Urda, the other partygoer, and a four-year-old girl on fire. Engulfed in flames, the three had to jump into the lake to put out the fires. The little girl was hospitalized for a month and needed a ventilator and skin grafts

Trooper Sokso investigated the explosion. After inspecting the scene, interviewing witnesses, and speaking with Urda, he drafted a criminal complaint charging Urda with aggravated assault and risking a catastrophe. 18 Pa. Cons. Stat. §§ 2702(a)(8), 3302(b). He ran the complaint by an assistant district attorney, who approved the charges and recommended adding a third: recklessly endangering another person. 18 Pa. Cons. Stat. § 2705. Sokso filed the complaint in state court with all three charges. A magistrate judge dismissed the first two charges but not the third. The Court of Common Pleas then dismissed the third charge too, finding no probable cause that Urda had committed the crime.

With the charges dismissed, Urda sued Sokso in federal court for unlawful seizure, false arrest, malicious prosecution, abuse of process, and intentional infliction of emotional distress, all under 42 U.S.C. §1983. The District Court granted Sokso summary judgment on the last two claims but not the rest, rejecting his qualified-immunity defense. We have jurisdiction over this interlocutory appeal from the denial of qualified immunity. *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). We review de novo. *Mack v. Yost*, 63 F.4th 211, 227 n.14 (3d Cir. 2023).

## II. THE DISTRICT COURT DEFINED THE RIGHT TOO ABSTRACTLY

Urda's surviving claims (unlawful seizure, false arrest, and malicious prosecution) share a common element that he must plead and prove: that Sokso charged him without probable cause to believe that he had committed a crime, thus violating his Fourth Amendment rights.

Yet qualified immunity shields police from such claims unless they (1) violated a right (2) that was clearly established at the time. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). A right is clearly established if "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier v. Katz*, 533 U.S. 194, 202 (2001), *overruled on other grounds by Pearson v. Callahan*, 555 U.S. 223, 236 (2009). Usually, that requires controlling precedent or a "robust consensus of cases of persuasive authority." *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011) (internal quotation marks omitted). But Urda has not cited a single case, either here or below, showing that the Fourth Amendment bans

4

what Sokso did in these circumstances. So his claim crashes into a roadblock.

True, in rare circumstances, an officer's constitutional "violation was so obvious" that no precedent is needed. *Hope v. Pelzer*, 536 U.S. 730, 734–35, 741–42 (2002) (handcuffing shirtless prisoner to hitching post to roast in the sun for seven hours); *Taylor v. Riojas*, 592 U.S. 7, 8–9 (2020) (per curiam) (forcing prisoner to live in a cell covered in "massive amounts of feces" and sleep naked in another, frigid cell awash in raw sewage for six days total (internal quotation marks omitted)).

But Sokso's actions do not even start to rise to that level. Urda claims that there was no probable cause to think that he had acted recklessly, a required element of each offense that Sokso charged him with. In other words, he insists that even though he poured fuel on a fire near bystanders, there was not even a "fair probability" that he had "consciously disregard[ed] a substantial and unjustifiable risk." *Illinois v. Gates*, 462 U.S. 213, 246 (1983); 18 Pa. Cons. Stat. § 302(b)(3). That is hardly clear. Indeed, an assistant district attorney had reviewed the charges and not only found them justified but told Sokso to add another one. So even if Sokso had violated Urda's right, the violation would not have been "so obvious" to a reasonable officer that we can overlook the lack of precedent clearly establishing that right. *See Hope*, 536 U.S. at 741.

The District Court denied qualified immunity because it held that it is clearly established that people cannot be arrested or prosecuted without probable cause. But the Supreme Court has repeatedly warned courts not to analyze rights so

5

abstractly. Instead, existing law must clearly establish that what *this* officer did in *these* circumstances violated the plaintiff's rights. *Anderson v. Creighton*, 483 U.S. 635, 639–41 (1987). Otherwise, plaintiffs could turn qualified immunity "into a rule of virtually unqualified liability simply by alleging violation of extremely abstract rights." *Id.* at 639. As the Supreme Court has stressed, that framing is especially important for Fourth Amendment claims cause because probable cause depends heavily on each case's facts. *District of Columbia v. Wesby*, 583 U.S. 48, 64 (2018).

To be sure, one of our past cases seemed to analyze qualified immunity at a high level of generality, stating that it is clearly established that people may not be arrested or prosecuted without probable cause. *Andrews v. Scuilli*, 853 F.3d 690, 705 (3d Cir. 2017). The District Court relied on that statement to define clearly established law at the same abstract level. But *Andrews* held only that the officer's violation was clear "on the record of th[at] case." *Id.* And *that* record—in which police had left material information out of an affidavit supporting their arrest-warrant application—was so different from this one that it cannot put the illegality of Sokso's conduct "beyond debate." *Id.* at 696, 703–05; *al-Kidd*, 563 U.S. at 741. Plus, *Andrews* cannot mean that courts may define clearly established law abstractly; that reading would conflict with a landslide of Supreme Court precedent. *Anderson*, 483 U.S. at 639–41; *Brosseau v. Haugen*, 543 U.S. 194, 199 (2004) (per curiam); *al-Kidd*, 563 U.S. at 742; *Mullenix v. Luna*, 577 U.S. 7, 12 (2015) (per curiam); *White v. Pauly*, 580 U.S. 73, 79 (2017) (per curiam); *Wesby*, 583 U.S. at 64; *City of Escondido v. Emmons*, 586 U.S. 38, 42–43 (2019) (per

curiam); *Rivas-Villegas v. Cortesluna*, 595 U.S. 1, 5–6 (2021) (per curiam); *see also United States v. Tann*, 577 F.3d 533, 541 (3d Cir. 2009) (noting that Third Circuit precedent that contradicts Supreme Court caselaw does not bind future panels).

\* \* \* \* \*

The District Court denied summary judgment because it framed the question of law too abstractly. Framed correctly, the question here is whether preexisting law clearly established that a police officer lacks probable cause to believe that a suspect acted recklessly when he poured fuel onto a smoldering fire with others nearby. The answer is no, so the officer has qualified immunity. The District Court should have granted him summary judgment on the remaining claims. We will thus reverse the order denying summary judgment on those claims.